WOOLFOLK & ANDERSON, plaintiff in error, *vs.* DAVID RUMPH, *et al,* defendants in error.

This Court will not reverse the judgment dissolving an injunction when the facts show that such dissolution was right.

Answer being waived by the bill the injunction may be dissolved upon the coming in of the answer of only one of several defendants.

Equity.    Motion to dissolve injunction.    Decided by Judge COLE.    Chambers.    February, 1868.

The Bill made the following case:    David Rumph drew a draft for $1200 on Woolfolk & Anderson, dated 26th September, 1867, payable ten days after its date, to the order of E. C. Granniss.    They accepted it in consideration of David Rumph's promise to send them cotton from his crop of that year, to reimburse them.    They paid the draft.    In November they received from him, five bales of cotton, and they sold it.    They gave him a credit of $270 00.    Instead of sending the other cotton, Rumph turned over to his son twenty-five other bales, being all he had.    The son shipped these bales to Hardeman & Sparks, and they stored them with Woolfolk & Anderson, in the name of the son, D. M. Rumph.    Hardeman & Sparks withdrew twenty-two of these bales and sent them to N. Reed & Co., of Savannah, Georgia.    Until this had happened, Woolfolk & Anderson did not know that said David and said D. M. were related, or that David had any interest in said twenty-five bales. But now they state upon information that said David and D. M. are so related, and when said draft was drawn, were jointly interested in the plantation on which the said twenty-five bales were grown, and that the proceeds of the draft was used for their joint benefit.    David Rumph is insolvent or embarrassed.    The prayer was, that Hardeman & Sparks and N. Reed & Co, should not dispose of the cotton held by them, (except sufficient to pay their charges,) and that said David and D. M., and their other agents be enjoined from disposing of any of it, etc.

The injunction was granted as prayed for.    By amend-

ment, the bill was altered as follows: The consideration of said acceptance was the promise of said Rumph, that he would not only send them the cotton which he raised in 1867, but such as he bought also, and would try to get his neighbors to send their cotton to the acceptors. The money realized on the draft was used for the benefit of Rumph & Boyd, (composed of said David and John Boyd,) merchants, and the twenty-five bales, or most of it, was received by said firm in payment for goods sold, and the balance raised by David Rumph and one Morris, who farmed jointly; and that this balance was turned over by said David to said D. M., without Boyd's consent. The amendment made Boyd a defendant to the bill.

The answers of the defendants were waived. D. M. Rumph alone, answered the bill. In his answer he stated that but eight of said bales came from said farm of Rumph and Morris, and that they were paid to said Boyd & Rumph for bacon, etc., advanced to the laborers of Rumph and Morris. The others, Boyd & Rumph took from other parties in payment of debts, etc.; he shipped twenty-eight bales to Hardeman & Sparks; but David Rumph had no interest in them or any of them; Boyd & Rumph owed him, D. M. Rumph, $1,150 00 in gold, which he got by his marriage, and loaned to the firm on the 15th of July, 1867, and took the firm note therefor, due one day after date. His partner, Boyd, turned over to him said twenty-eight bales in part payment of said note. He denied having been interested with David Rumph in any farming operation, or in getting and using this money for himself and David, stating that he got and used it for the firm of Boyd & Rumph. Of the other allegations he knew nothing.

A motion was made to dissolve said injunction upon the coming in of this answer. At the hearing various affidavits were read. John Boyd affirmed that the twenty-eight bales were turned over by Boyd & Rumph in part payment of said note. John C. Floyd affirmed that by Boyd's request he formally turned over said twenty-eight bales to D. M. Rumph for said purpose, though at the time he did not see

the cotton nor the receipts.    W. J. Colson affirmed that they were so turned over by the firm for said purpose.    Jas. A. Felligan affirmed that the said acceptance was not obtained for farming purposes, but by said David, when *en route* to New York to buy goods; when said David was in New York, he gave one Wagstaff a list of names to whom he wished the proceeds of this draft paid, to-wit: certain creditors of Boyd & Rumph.    The draft not being paid at maturity, Wagstaff ordered it paid to E. C. Grannis as his agent, and further that D. M. and David were not farming together in 1867.

To the bill was attached, as an exhibit, a certificate of one E. McDonald, that the money drawn from Woolfolk & Anderson was for the benefit of Boyd & Rumph, and that David promised to ship Woolfolk & Anderson the cotton he raised and what he might buy, and use his influence for them.    P. G. Tretwell and John Boyd made affidavits that said David & D. M. did not farm on joint account in 1867. John Boyd further affirmed, that David Rumph told him he had turned over twenty-eight bales of cotton to D. M. Rumph, of which twenty were taken in for debts due the store, and eight bales made by Rumph & Morris, and David turned over to D. M. the cotton in Macon and Savannah without affiant's consent.    Besides these affidavits, a letter from David Rumph to his partner, Boyd, was read.    It is simply a statement of why he drew the draft; that it was for the benefit of Rumph & Boyd; that he had gotten Wagstaff to pay off the debts when this draft was paid, but that W. & A. had never paid it, etc.

Judge Cole dissolved the injunction, and of this complaint is now made.    It was insisted that the Court ought not to have dissolved the injunction till all the defendants answered.

LANIER & ANDERSON, for plaintiffs in error.

JOHN B. WEEMS, for defendants in error.

Woolfolk & Anderson *vs.* Rumph *et al*

HARRIS, J.

We are called on by the bill of exceptions to reverse the decision of the Judge below dissolving the injunction, in this case, restraining Hardeman & Sparks, of Macon, and N. Reid & Co., of Savannah, factors, from the sale of cotton stored with them by David M. Rumph, as also David Rumph and his partner, Boyd, and David M. Rumph, until the further order of the Court.

Decision after decision of this Court evinces its great unwillingness to interfere, without very clear ground for so doing, with the granting or dissolution of injunctions by the Judges of the Superior Courts ; but apart from any influence by the course of adjudications referred to, looking to the case as presented here, it would have been very strange had the decision below been otherwise.    The defendants *were not required to answer the bill.*    It charged collusion to defraud between the father, David Rumph, and the son, David M. Rumph, as to the twenty-eight bales of cotton which the latter received from Rumph & Boyd in payment of a debt to him of $1,150 in gold.    David M. Rumph answered the bill *fully, and supporting his answer by the affidavits of several disinterested persons,* moved to dissolve the injunction ; counter affidavits were filed, but they furnishing no fact to authorize the continuance of the injunction, it was properly dissolved.

Judgment affirmed.